
FILED
APR - 1 2013
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| HAROLD HOLTSHOUSER and KATHY HOLTSHOUSER, | ) ) ) | CV 11-114-BLG-RFC |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff seeks Summary Judgment on the issue of whether the statutory cap on non-economic damages in medical malpractice claims provided for in Mont. Code Ann. § 25-9-411 (2011) applies to Plaintiff's claims against the Department of Veteran Affairs.[1]

---

[1] Plaintiff's motion for Summary Judgment also argued the Federal Tort Claims Act does not preclude recovery of treble damages against the United States of America and the Federal Tort Claims Act does not preclude an award of attorney's fees against the United States. These arguments were later abandoned by Plaintiff and no ruling is required.

A thorough background of this case is set forth in the Court's Order granting Defendant's Motion for Partial Summary Judgment and is not necessary here. *See doc. 41*.

## STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party and a dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson, v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. *Anderson*, 477 U.S. at 256-57. Once the moving party has done so, the burden shifts to the opposing party to set forth specific facts showing there is a genuine issue for trial. *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Id.*

On summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Id.* The court should not weigh the evidence and determine the truth of the matter, but determine whether there is a genuine issue for trial. *Anderson,* 477 U.S. at 249.

## ANALYSIS

1. **Does Montana's $250,000 Cap on Non-Economic Damages in Medical Malpractice Actions under Mont. Code Ann. § 25-9-411(1)(a) Apply?**

The Federal Tort Claim Act (FTCA) acts as a waiver of sovereign immunity for certain torts committed by federal employees, and provides "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674. It further provides that "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . , for injury . . caused by the negligent or wrongful act or omission of any employee . . . , under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b).

Based upon this, the United States' liability under the FTCA is defined by analogous private-person liability under state law. Its liability is not determined

by whether the United States is specifically included, or excluded from coverage under state statute.

Montana statute provides for a $250,000 cap on non-economic damages in medical malpractice actions under Mont. Code Ann. § 25-9-411(1)(a), and provides "[i]n a malpractice claim or claims against one or more health care providers based on a single incident of malpractice, an award for past and future damages for noneconomic loss may not exceed $250,000. . . ." Plaintiff argues that the statutory cap does not apply to this case, because pharmacies are not health care providers, as defined by the statute.

Health care providers are defined as a physician . . . or nurse licensed under Title 37 or a healthcare facility licensed under Title 50, chapter 5. Mont. Code Ann. § 25-9-411(5)(b). Because the State of Montana does not have the authority to license or regulate the VA, the VA is not licensed under Title 50, chapter 5. In fact, it is specifically excluded as a health care facility subject to the licensing and regulatory requirements of that chapter. See Mont. Code Ann. § 50-5-101(23).

A health care facility is defined in Mont. Code Ann. § 50-5-101(23)(a) as "all or a portion of an institution . . . or agency, private or public . . . that is used, operated, or designed to provide health services, medical treatment, or nursing, rehabilitative, or preventive care to any individual."

This section clearly includes private institutions and agencies who, like the VA, provide health care services and medical treatment, and those private institutions and agencies plainly fall within the protection of the damages cap. Since a private health care institution or agency would in "like circumstances" be entitled to the benefit of the damages cap, the United Sates is as well.

In *Starns v. United States*, 923 F.2d 34 (4th Cir. 1991), the Fourth Circuit considered the application of Virginia's statutory cap in medical malpractice cases to the United States in an FTCA case. Like Montana, the Virginia statute limited recovery in a medical malpractice action against a health care provider. The Virginia law defined "health care provider" as "a person, corporation, facility, or institution licensed by this Commonwealth to provide health care or professional services." *Id.* at 37. The plaintiff claimed that, since federally operated hospitals were not licensed by the State of Virginia, they were not health care providers under the statute, and the cap did not apply to them. The Fourth Circuit rejected the argument, stating:

> This argument, however, overlooks the fact that the source of the government's liability is the FTCA and not the VMMA's cap. *See Lucas v. United States*, 807 F.2d 414, 417 (5th Cir.1986). In a suit under the FTCA, a plaintiff may only recover against the government to the extent the government has waived its sovereign immunity. While Virginia law informs us on how a private party would be

> treated, it is incapable of telling us to what extent the federal government has waived its sovereign immunity. *See Reilly v. United States*, 863 F.2d 149, 162 (1st Cir.1988); *Lucas*, 807 F.2d at 417.
>
> The FTCA provides that the government "shall be liable ...in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674(1988). The FTCA assures the federal government of that treatment accorded private parties. The government's liability is to be determined "in accordance with the law of the place where the [negligent] act or omission occurred." 28 U.S.C. § 1346(b) (1988). Accordingly, Virginia law, as applied to private parties in "like circumstances," determines the extent of the government's liability in this case. Since private health care providers in Virginia would in "like circumstances" be entitled to the benefit of section 8.01–581.15, so, too, is a federally operated hospital in that state.

*Starns*, 923 F.2d at 37.

The Ninth Circuit has addressed this issue with regard to California's cap on damages in medical malpractice cases in *Taylor v. United States*, 821 F.2d 1428 (9th Cir. 1987). The California law extended to "health care providers," which were defined as "any person, clinic, health dispensary, or health facility licensed by the State." *Id.* at 1431. In determining the statute's application to the United States under the FTCA, the Ninth Circuit found that liability limits "apply to the United States, even though the statutes purport to apply only to state-licensed

health care providers." *Id.* at 1431. The Court found that the damage cap applied and stated:

> To hold that [the damages cap] does not apply to the United States because the United States is exempt from state licensing requirements would contravene Congress' directive that the United States "shall be liable ... in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C. § 2674.

*Id.* at 1432.

The only reason federal facilities are not licensed under state law is that a state "lacks power to require licensing of federal health care providers and physicians" under the Supremacy Clause (Article VI, clause 2). *Id.* at 1432.

Plaintiff's argument focuses a great deal on the issue of whether the VA pharmacy is a protected health care provider. The VA pharmacy is not a separate entity, operating independently from the agency. The VA pharmacy is clearly an integral part of the VA institution or agency, and therefore a part or portion of the covered health care facility.

Therefore, IT IS HEREBY ORDERED that Plaintiffs' Motion for Partial Summary Judgment [*doc. 13*] is **DENIED**. The statutory cap on non-economic damages in medical malpractice claims provided for in Mont. Code Ann. § 25-9-411 applies to Plaintiffs' claims against the Department of Veterans Affairs.

DATED this 1st day of April, 2013.

RICHARD F. CEBULL
SENIOR U.S. DISTRICT COURT JUDGE