IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| HAROLD HOLTSHOUSER, and KATHY HOLTSHOUSER,<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | CV 11-114-BLG-RFC<br><br><br>ORDER |

Plaintiff has filed a motion seeking to exclude the testimony of his treating physicians who have been identified by the Government as non-retained experts.[1] Plaintiff argues that such testimony violates his doctor-patient privilege, violates Rule 403 Fed. R. Evid., and is against public policy. The Government opposes the Plaintiff's motion.

---

[1] Plaintiff specifically seeks exclusion of: Wynde Cheek, M.D.; Lexi Gulbranson, M.D.; Barry W. Cohan, M.D.; Lisa Brod, M.D.; Eileen Frelier, M.D.; Mark Dietz, M.D.; John Mateskon, L.D.; Steven Helm, D.M.D., M.S.; Robert R. Bourne, D.D.S.; Kenneth Mitchell, D.D.S.; and Donna Porte, R.N., M.S., A.P.R.N.

## ANALYSIS

Plaintiff's Motion in Limine is based primarily on *Hampton v. Schimpff*, 188 F.R.D. 589 (D. Mont. 1999). In *Hampton*, the defendant intended to call a treating physician to testify that another treating physician did not violate the standard of care in his treatment of plaintiff. Judge Molloy determined that such testimony was improper and relied on the Montana physician-patient privilege, the timeliness of the disclosure of the treating physician's testimony, Montana public policy based on the physician-patient privilege, and F.R.Evid. 403.

The application of state privilege law in federal court is governed by Fed. R. Evid. 501, which states:

> The common law – as interpreted by United States courts in light of reason and experience – governs a claim of privilege unless any of the following provides otherwise:
>
> • the United States Constitution;
>
> • a federal statute; or
>
> • rules prescribed by the Supreme Court.
>
> But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

At first glance, it appears that state privilege law should apply in cases under the Federal Torts Claims Act (FTCA), since state law is applied to determine the United States' liability under the FTCA. *See* 28 U.S.C.A. § 1346(b)(1). However, an examination of case law on this issue reveals that state privileges do not apply to FTCA cases under this rule.

In *Young v. United States*, 149 F.R.D. 199 (S.D. Cal. 1993), the government sought to obtain a plaintiff's tax returns in discovery in an FTCA action. California law recognizes a privilege protecting tax returns from disclosure, and the plaintiff attempted to invoke this privilege. The Court recognized that "[t]he law governing suits in federal courts may be state law operative of its own force, state law incorporated or adopted as the federal law, or specific federal law uniform throughout the United States." *Id*. at 201. The Court determined that, "[w]here state law operates of its own force, it is clear that state law supplies the rule of decision. However, where the state law becomes, in effect, the federal law by incorporation, then federal law supplies the rule of decision." *Id.* at 202. The Court went on to cite several decisions from the United States Supreme Court and the Ninth Circuit where it was determined that the FTCA "assimilated" or "incorporated" state law into federal law to determine the United States' liability. *Id.* The Court determined, "[w]hile the law of California is looked to in this case

to determine the liability of the United States to the plaintiff, it is effectively federal law by incorporation. Therefore, under 501, it is federal law, and not state law, that supplies the rule of decision." *Id.* at 202.

This analysis is entirely consistent with the legislative history of Rule 501, which "supports the conclusion that Congress intended federal privilege law to apply in Federal Tort Claims Act cases." *Id.* at 202. When the proposed Rule 501 was being circulated for comment, the U.S. Department of Justice raised the concern that the rule may be interpreted to apply state privilege law in FTCA cases. In responding to those concerns, the Senate-House Conference explained why that was not the case:

> In nondiversity jurisdiction civil cases, federal privilege law will generally apply. In those situations where a federal court adopts or incorporates state law to fill interstices or gaps in federal statutory phrases, the court generally will apply federal privilege law. . . . When a federal court chooses to absorb state law, it is applying the state law as a matter of federal common law. Thus, state law does not supply the rule of decision (even though the federal court may apply a rule derived from state decisions), and state privilege law would not apply.

*Young*, 149 F.R.D. at 203-204.

The *Young* Court also pointed out that the FTCA "implicates substantial federal interests" which justify departure from state policy. *Id.* at 204. Further, by

providing for exclusive jurisdiction of FTCA claims in federal court, the United States intended that "claims against it would be decided only according to federal procedural law," thus avoiding forum shopping to apply favorable state privilege law.  *Id.* at 204.  Based on all of these considerations, the *Young* Court established "that federal privilege law applies to discovery and the admission of evidence in Federal Tort Claims Act cases."  *Id.*  at 204.

Several other federal courts have similarly found that federal law governs the issue of privilege under the FTCA.  *See e.g., Galarza v. United States*, 179 F.R.D. 291, 293 (S. D. Cal. 1998) ("[b]ecause Galarza has brought suit under the FTCA, federal law will govern the application of privilege.  Galarza's reliance on State law is misplaced."); *Menses v. U.S. Postal Serv.*, 942 F. Supp. 1320, 1323-24 (D. Nev. 1996) ("[b]ecause federal courts only adopt state law under the Federal Tort Claims Act, federal law still supplies the rule of decision under Rule 501 and state privilege law does not apply to Federal Tort Claims Act cases."); *Tucker v. United States*, 143 F. Supp.2d 619, 623-24 (S.D.W. Va. 2001) (federal privilege law, not state law applies in medical negligence suit under the FTCA); *Syposs v. United States*, 179 F.R.D. 406, 411-12 (W.D.N.Y. 1998) (state peer review privilege was inapplicable in medical malpractice claim under the FTCA); *Cutting*

*v. United States*, 2008 WL 1775278, at *2 (D. Colo. 2008) (federal privilege law applies in FTCA cases).

There is no doubt that federal law applies to the issues of privilege in this case. That being said, there is no federal common law physician-patient privilege, *Whalen v. Roe*, 429 U.S. 589, 602 n. 28 (1977), and there is no physician-patient testimonial privilege under federal law. *See In re Grand Jury Proceedings*, 801 F.2d 1164, 1169 (9th Cir. 1986) and *Boese v. Slaughter*, 2007 WL 1071924, at *4 (D. Mont. 2007).

Even if Montana privilege law did apply, Plaintiff has waived any physician-patient privilege. Montana's statutory physician-patient privilege is codified in Mont. Code Ann. § 26-1-805. That privilege is subject to waiver under Mont. R. Civ. P. 35(b)(4), which provides, in part, as follows:

> Either by . . . (2) commencing an action or asserting a defense which places in issue the mental or physical condition of a party to the action, the . . . party to the action waives any privilege the party may have in that action . . . regarding the testimony of every person who has treated, prescribed, consulted, or examined . . . such party in respect to the same mental or physical condition . . . .

Plaintiff has waived any privilege he may have had regarding the testimony of every person who has treated, prescribed, consulted, or examined him with respect to the mental or physical conditions at issue in this case.

Plaintiff also claims that the testimony of his treating physicians should be excluded under Fed. R. Evid 403. This Court will not have any difficulty appropriately weighing and evaluating the testimony in this case, and will not be confused or misled by the testimony of Plaintiff's treating physicians.

In his final argument, Plaintiff maintains that VA employees should be prohibited from testifying at trial because of an "impermissible conflict of interest," and that counsel for Defendant should not be allowed to have *ex parte* contact with VA employees. This is not possible. The United States cannot be prohibited from having contact with its employees to prepare the case for trial or calling its own employees to testify in defense of the claim. The United States Attorney's Office has an attorney-client relationship with its client agencies and their employees and must be fully informed of all that relates to the matter to represent the United States with any effectiveness. *See Galarza,* 179 F.R.D. at 295.

## CONCLUSION

Based upon the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion in Limine is DENIED.

DATED this 10th day of April, 2013.

*/s/ Richard F. Cebull*_____
RICHARD F. CEBULL
SENIOR U.S. DISTRICT COURT JUDGE