**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATHY HOLTSHOUSER, individually and as personal representative of decedent Harold Holtshouser,<br><br>  Plaintiff - Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant - Appellee. | No. 13-35457<br><br>D.C. No. 1:11-cv-00114-RFC-CSO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Senior District Judge, Presiding

Submitted December 11, 2014[**]
Seattle, Washington

Before: McKEOWN, TALLMAN, and OWENS, Circuit Judges.

Kathy Holtshouser, individually and as personal representative of decedent

Harold Holtshouser, appeals the rejection of her medical malpractice and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

negligence claims filed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, against the United States Department of Veterans Affairs ("VA"). On partial summary judgment, which we review de novo, the district court rejected her claim against a VA nurse practitioner. *Navajo v. U.S. Forest Serv.*, 535 F.3d 1058, 1067 (9th Cir. 2008) (en banc). After a bench trial, the district court rejected her remaining claim against the VA pharmacy. We review findings of fact in a bench trial for clear error and conclusions of law de novo. *Id.* Montana law applies to this FTCA action. 28 U.S.C. §§ 1346(b)(1), 2674. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In her first claim, Kathy Holtshouser alleged that a VA nurse practitioner negligently prescribed a drug to her husband Harold. The district court rejected this claim because Kathy Holtshouser did not identify an expert who could establish the applicable standard of care. The district court concluded, and we agree, that her two experts could not establish the applicable standard of care because they did not satisfy the requirements of section 26-2-601 of the Montana Code. Regardless of whether the locality rule applies, neither expert possessed sufficient experience with geriatrics or primary care to satisfy this section's requirement that any expert testifying in a medical malpractice action "routinely treat[] or ha[ve] routinely treated within the previous 5 years the diagnosis or

2

condition or provide[] the type of treatment that is the subject matter of the malpractice claim." Mont. Code Ann. § 26-2-601(1)(a). Accordingly, the district court correctly rejected this claim.

In her second claim, Kathy Holtshouser alleged that the VA pharmacy negligently dispensed the drug prescribed by the nurse practitioner. The district court rejected this claim because her expert did not hold the VA pharmacy to the proper standard of care at trial. We again agree with the district court. Putting aside the issue of the scope of the duty the VA pharmacy owed to Harold Holtshouser, the expert who testified at trial for Kathy Holtshouser relied exclusively on internal VA guidelines and policies to establish the VA's standard of care. This is contrary to state law, as the Montana Supreme Court has consistently held that the standard of care in a professional negligence action cannot be established exclusively with reference to such internal guidelines and policies. *See, e.g.*, *Dalton v. Kalispell Reg'l Hosp.*, 846 P.2d 960, 962 (Mont. 1993). Thus, the district court correctly rejected this claim as well.

Finally, Kathy Holtshouser contends that the VA argued inconsistent positions before the district court, so the doctrine of judicial estoppel should apply. This argument fails for two reasons. First, it was waived because it was not presented to the district court. *See United States v. Robertson*, 52 F.3d 789, 791

(9th Cir. 1994). Second, it is meritless. The VA argued that the two experts could not establish the standard of care for the nurse practitioner, not that the nurse practitioner owed no duty to Harold Holtshouser. Because the VA did not argue inconsistent positions, judicial estoppel is inapplicable. *See Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 419 (9th Cir. 1998).

**AFFIRMED.**